### Jacob Hamblock, Appellee, v. Clipper Lawn Mower Company, Appellant.

### Gen. No. 5,088.

1.   CORPORATIONS—*status of preferred stock.* Preferred stockholders are not creditors of the corporation and are entitled to no dividends except as declared by the directors from profits earned by the corporation.

2.   CORPORATIONS—*by whom dividends declared.* The directors, and not the stockholders are empowered to declare dividends.

3.   CORPORATIONS—*what essential to recovery of dividends.* A preferred stockholder cannot recover a dividend from a corporation unless he establishes the fact that the directors have duly declared such dividend.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, pre-

siding.    Heard in this court at the October term, 1908.    Reversed
and remanded.    Opinion filed March 24, 1909.

E. L. SHANER and E. E. WINGERT, for appellant.

BROOKS & BROOKS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opin-
ion of the court.

Jacob Hamblock, appellee, brought suit against the
Clipper Lawn Mower Company, a corporation, De-
cember 10, 1907, before a justice of the peace of Lee
county to recover money claimed to be due on a 6%
dividend on twenty shares of preferred stock of the
company. An appeal from the judgment before the
justice was taken to the Circuit Court, where the case
was heard without a jury and judgment rendered in
favor of plaintiff for $120.    The defendant corpora-
tion appeals to this court.

No proposition of law was submitted to the court,
and the only question before us is the sufficiency of the
evidence to support the judgment.

The evidence shows that the Clipper Lawn Mower
Company is a corporation organized under the laws
of the state of Illinois.    Appellee is the owner of $2,000
par value of the preferred stock of the appellant which
he received in exchange for some tools and machinery.
The certificate of stock which was offered in evidence
certifies that Jacob W. Hamblock is the owner of
forty shares of $50 each of the preferred stock of the
Clipper Lawn Mower Company, fully paid and non-
assessable; that the preferred stock represented by
this certificate is entitled to annual dividends of 6%,
payable out of the net profits of the company before
any dividends are paid out of common stock, and if
the net profits in any year be insufficient to pay divi-
dends on said preferred stock, either in whole or part,
any unpaid portion thereof shall be paid out of the
net profits before any dividends are paid upon the
common stock; that said preferred stock is subject to

redemption in its numerical order at the option of the company at any time after ten years from September 1, 1905, upon payment of $50 per share and any accumulated dividends, upon the company first giving thirty days' notice to the respective owners of record. This certificate is dated February 9, 1906, and is No. 37. Appellee testified that he had been paid no dividend, and that the president of the company wanted him to take his dividend in stock, and that another director said they would like to pay appellee if they could sell some stock. It was shown by the evidence that 6% had been paid upon some shares of stock which had been sold for cash. There is neither record nor oral evidence showing that there ever had been a meeting of the directors at which a dividend had been declared. The president of the company testified that they had paid interest at 6% to parties who had bought stock for cash. The records of the company fail to show that a dividend was ever declared and there is no evidence there were any profits from which dividends could be declared. Appellee's evidence proved that whatever was paid, whether it be called dividend or interest, was paid out of the sale of stock and not out of profits. No question is raised by counsel but that appellee is the owner of preferred stock in appellant company.

The so-called certificate by its terms is only entitled to receive a dividend or interest, which ever it may be, from the net profits of the company. A dividend is not a debt until it is declared and set apart for that purpose. 2 Thompson on Corp., sec. 2127; Lockhart v. Van Alstyne, 31 Mich. 76. It is a rule that dividends can be declared and paid only from profits, except where no rights of creditors intervene and all the stockholders assent. The payment of dividends out of capital is reducing the capital to the detriment of the creditors, and it is illegal for a company to pay dividends to shareholders out of the capital before an income is earned. Statutes of Illinois, sec. 19, chapter 32;

Purdy's Beach on Corporations, sections 451 to 454. Corporate officers make themselves liable to be called upon to repay to the company dividends paid out of the capital stock. Even if it be a fact that the company did pay 6% interest to some holders of preferred stock who had paid cash for their stock on the promise of some of the officers that a dividend or interest should be paid annually, still if it was paid out of the capital and from the sale of stock and not from profits, that would not justify a recovery by other holders of preferred stock unless a dividend had been earned and declared by the company. Dividends upon preferred stock are not a debt that is guaranteed. The right to a dividend is not a debt. There is no debt until the dividend is declared, and the right to declare it does not exist until there is a fund from which it can properly be made. Therefore preferred shareholders are not creditors of the company, by virtue of their stock certificates. Purdy's Beach on Corp., sec. 476.

At the annual meeting of the stockholders of appellant company held September 18, 1906, the record of the stockholders' meeting, after recording the election of directors, contains this sentence: "Those present expressed themselves as satisfied with the year's work, and also well pleased that the clipper had paid their first dividend on September 15th of six per cent." This is the only reference anywhere in the records of the company to a dividend. Dividends are declared by directors instead of stockholders unless it is otherwise provided. Purdy's Beach on Corp., sec. 434; McNab v. McNab, 62 Hun 18. In England there is a statute requiring the directors to report the condition to stockholders and leave it to the stockholders to determine what dividends shall be declared. In King v. Paterson & Hudson River R. R. Co., 29 N. J. (Law) 88, it is expressly held that directors alone have the power to declare a dividend. There is no authority shown here for the stockholders declaring a dividend.

The evidence introduced by appellee not only failed to show by record or otherwise that any dividend was ever declared by appellant but did show that "there never was any meeting for any dividends, we didn't declare any." A recital by stockholders that a dividend had been paid, while it might be proof tending to show that a dividend had been declared, yet it cannot overcome positive proof that one had not been declared. If stockholders by such action can compel the payment of dividends, and directors are bound thereby, then the stockholders can force the directors to do illegal acts and assume a personal liability, against their will. The certificate of stock held by the appellee provided that the dividend was payable out of the net profits of the company. There being no dividend declared the appellee was not entitled to recover, and this judgment cannot be sustained. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*